UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RALPH TRULL,                           )  05   11306 RGS
                                       )
       Plaintiff,                      )
                                       )
v.                                     )  Civil Action No. _____
                                       )  MAGISTRATE JUDGE ____
MATTRESS GIANT CORPORATION,            )
                                       )
       Defendant.                      )
                                       )

RECEIPT # 65143
AMOUNT $250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 6/21/05

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441(a), (b) and (c), Defendant Mattress Giant Corporation ("Mattress Giant" or the "Company") hereby removes to this Court the above-captioned action pending in the Superior Court Department of the Trial Court, Plymouth County, Massachusetts, Civil Action No. PLCV2005-0398-A (the "Action"). Removal of the Action is proper for the following reasons:

**BASIS FOR REMOVAL**

1.      Removal of the Action is proper under 28 U.S.C. § 1331 because Plaintiff Ralph Trull's ("Plaintiff's") Complaint asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. – a federal statute. See Complaint at ¶ 29 of Count III. The claim therefore arises under the laws of the United States, as required for removal by 28 U.S.C. § 1331.

2.      Removal of the Action is also proper under 28 U.S.C. § 1332 because there is complete diversity between the parties and the matter in controversy exceeds $75,000.00. Plaintiff is a citizen of Massachusetts. Mattress Giant is a citizen of Texas, where its headquarters are located, and Delaware, its state of incorporation. Mattress Giant is not a citizen

of Massachusetts. In addition, Plaintiff's Complaint alleging handicap discrimination under M.G.L. c. 151B and Title VII of the Civil Rights Act of 1964, intentional infliction of emotional distress and wrongful termination seeks damages in excess of $75,000.00.

3. Pursuant to 28 U.S.C. § 1441(a), (b) and (c), the Company may remove Plaintiff's claims to this Court.

4. The Company has contemporaneously filed the attached Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Plymouth Superior Court, and contemporaneously served both Notices on Plaintiff's counsel. The Notice of Filing of Notice of Removal is attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

5. The Action was filed by Plaintiff in Plymouth Superior Court on or about April 7, 2005. Counsel for the Company accepted service of the Summons and Complaint on or about May 26, 2005. In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders entered by Plymouth Superior Court, including a true and accurate copy of the Summons and Complaint, are attached hereto as Exhibit B.

6. This Notice of Removal is filed with this Court on a timely basis, as required by 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the service of Plaintiff's Complaint upon the Company. Likewise, this Notice is filed within thirty days of the Company's earliest date of actual notice of Plaintiff's Complaint, as the time of service is the first time the Company had possession of a copy of Plaintiff's Complaint.

**WHEREFORE**, Mattress Giant Corporation respectfully requests that the Action proceed in this Court as properly removed hereto.

                    Respectfully submitted,

                    MATTRESS GIANT CORPORATION

                    By its attorneys,

                    HOLLAND & KNIGHT LLP

                    _____
                    Liam T. O'Connell (BBO# 558249)
                    Maura J. Gerhart (BBO# 654695)
                    Holland & Knight LLP
                    10 St. James Avenue
                    Boston, MA  02116
                    (617) 523-2700

Date:  June 21, 2005

# 2999655_v1

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Removal to be served on the parties listed below via first class mail on this 21st day of June, 2005:

Gregory M. Doyle, Esq.
4 Pearl Street
Dedham, MA  02026

Maura J. Gerhart, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Ralph Trull v. Mattress Giant Corporation**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.              for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **Liam T. O'Connell, Esq.**
ADDRESS  **Holland & Knight, LLP, 10 St. James Avenue, Boston, MA 02116**
TELEPHONE NO.  **617-523-2700**

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Ralph Trull

### DEFENDANTS
Mattress Giant Corporation

(b) County of Residence of First Listed Plaintiff  **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory M. Doyle, Esq.   (781) 326-4733
4 Pearl Street, Dedham, MA 02026

Attorneys (If Known)   (617) 523-2700
Liam T. O'Connell, Esq., Holland & Knight, LLP
10 St. James Avenue, Boston, MA 02116

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1441
Brief description of cause:
Disability Discrimination, Wrongful Termination, Emotional Distress

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: June 21, 2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                      SUPERIOR COURT DEPARTMENT

| RALPH TRULL, |
| :--- |
| Plaintiff, |
| v. |
| MATTRESS GIANT CORPORATION, |
| Defendant. |

Civil Action No. PLCV2005-0398-A

**NOTICE OF FILING NOTICE OF REMOVAL**

TO:   THE HONORABLE JUDGES OF THE SUPERIOR COURT

NOTICE IS HEREBY GIVEN that on the twenty-first day of June, 2005, Defendant Mattress Giant Corporation filed a Notice of Removal of this action in the United States District Court for the District of Massachusetts. A true and accurate copy of the Notice of Removal so filed is attached hereto as <u>Exhibit 1</u>. Therefore, Defendant respectfully requests that this Court proceed no further in this matter.

Respectfully submitted,

MATTRESS GIANT CORPORATION,

By its attorneys,

HOLLAND & KNIGHT LLP

_____
Liam T. O'Connell (BBO# 558429)
Maura J. Gerhart (BBO# 654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated: June 21, 2005

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Filing Notice of Removal to be served on the parties listed below via first class mail on this 21st day of June, 2005:

Gregory M. Doyle, Esq.
4 Pearl Street
Dedham, MA  02026

Maura J. Gerhart, Esq.

# 3006172_v1

SEE INSTRUCTIONS ON BACK OF THIS FORM
PLEASE TYPE OR PRINT EXCEPT WHERE SIGNATURE IS REQUIRED

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT Plymouth Division | DOCKET NUMBER |
|---|---|---|
| PLAINTIFF(S) Ralph Trull | DEFENDANT(S) Mattress Giant Corporation | |
| ATTORNEY(S) FIRM NAME, ADDRESS AND TEL.) Gregory M. Doyle 4 Pearl Street Dedham, MA 02026 (781)326-4733 Board of Bar Overseers # (Required) 567016 | ATTORNEY(S) (if known) | |

### ORIGIN CODE AND TRACK DESIGNATION

Place an [X] in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup. Ct. c231, s. 104 (F)
[ ] 3. F03 Retransfer to Sup. Ct. c231, s. 102C (X)
[ ] 4. F04 District Ct. Appeal c231, s. 97 (X)
[ ] 5. F05 Reactivated after Rescript; Relief from judgment/order (Mass. R Civ. P. 60 (X)
[ ] 6. E10 Summary process appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Employment Discrimination | (F) | [X] Yes   [ ] No |

1. PLEASE GIVE A CONCISE STATEMENT OF THE FACTS: (Required in ALL Types of Actions)
   The Plaintiff was employed by the Defendant and discharged due to his complaints vis-a-vis OSHA regulations and was also discriminated against on the basis of a disability.

2. IN A CONTRACT ACTION (CODE A) OR A TORT ACTION (CODE B) STATE, WITH PARTICULARITY, MONEY DAMAGES WHICH WOULD WARRANT A REASONABLE LIKELIHOOD THAT RECOVERY WOULD EXCEED $25,000:

3. PLEASE IDENTIFY, BY CASE NUMBER, NAME AND DIVISION, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

SIGNATURE OF ATTORNEY OF RECORD OR PLAINTIFF   [signature]   DATE 4/7/2005

**OFFICE USE ONLY - DO NOT WRITE BELOW THIS LINE**

DISPOSITION

A. Judgment Entered
   [ ] 1. Before jury trial or non-jury hearing

B. No Judgment Entered
   [ ] 6. Transferred to District

RECEIVED BY:

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

CIVIL ACTION

NO. PLCV2005-0398-A

Ralph Trull
..................................................., Plaintiff(s)

vs.

Mattress Giant Corporation
..................................................., Defendant(s)

## SUMMONS

To the above-named defendant : Gregory M. Doyle

You are hereby summoned and required to serve upon plaintiff attorney, whose address is 4 Pearl St., Dedham MA 02026, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness **Barbara J. Rouse**, Esquire, at Brockton, the 8th day of April, in the year of our Lord two thousand and Five.

*Francis R. Powers*

CLERK.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.

### NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................,20...., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): ...........................................

Dated: ,20

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20 .

Form 1

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF MASSACHUSETTS

PLYMOUTH, ss.                                    BROCKTON SUPERIOR COURT
                                                 DOCKET NO.

RALPH TRULL

V.

MATTRESS GIANT CORPORATION

**COMPLAINT FOR DAMAGES**

**Parties:**

1.) The Plaintiff, RALPH TRULL, is a Massachusetts resident living and residing in Abington, Plymouth County, Commonwealth of Massachusetts;

2.) The Defendant, MATTRESS GIANT CORPORATION, is a foreign corporation doing business and registered to do business in Massachusetts and with offices in Franklin, Norfolk County, Commonwealth of Massachusetts;

**Facts:**

3.) The Plaintiff, RALPH TRULL, was employed by the Defendant, MATTRESS GIANT CORPORATION, between October 9, 2003 and March 4, 2004;

4.) Throughout the above period of time, the Plaintiff, RALPH TRULL'S, the quality and quantity of his work product consistently met or exceeded the job's requirements.;

5.) The Plaintiff, RALPH TRULL, had the position of Distribution Center Manager at the Defendant, MATTRESS GIANT'S, location of 40 Kenwood Circle, Franklin, Norfolk County, Massachusetts;

6.) While in this position, the Plaintiff's responsibilities included location management and overall operation of the Franklin Distribution Center;

7.) This included supervising all employees, training, and disciplining of employees, implementation of company policy at the location, ensuring inventory, payroll and accounting controls were implemented and adhered to and the operation of the center in a safe and efficient manner in compliance with company policy, state and federal laws and regulations;

8.) Included in those responsibilities were compliance with all Occupational Safety and Health Administration ("OSHA") regulations which applied to the facility;

9.) In late 2003 and early 2004, the Plaintiff began informing his boss, Richard Gibbons, of various safety violations and issues that concerned the Plaintiff at the Franklin location. Some of these violations concerned physical safety risks, fire risks within the facility, while others concerned training issues among the staff;

10.) In large part, in communications with Mr. Gibbons that the Plaintiff had, Mr. Gibbons agreed with these violations to the Plaintiff;

11.) The Plaintiff, during his employ, also brought various violations of OSHA rules and regulations to the attention of other management officials of the Defendant with authority over the facility;

12.) However, despite repeated requests for the ability, funding and tools to remedy these issues, the Defendant, MATTRESS GIANT, did not act on these concerns and showed active resistance to the Plaintiff, RALPH TRULL'S safety concerns while the Plaintiff remained employed by the Defendant.;

13.) The Defendant was specifically told by management that the company had more important things to do with its time and money than worry about these issues;

14.) Following complaining about these issues to the Company, the Plaintiff, Ralph Trull, began

to experience physical problems, stress and illness due to the issues he had raised not being taken seriously and the pressure of trying to manage a facility given the problems and risks the Plaintiff was aware of and had notified management of;

15.) Among the ailments the Plaintiff suffered were headaches, stress, chest pain, increased blood pressure and fatigue;

16.) The Plaintiff was diagnosed or was suffering from hypertension, stress and possible heart disease and was ordered by his medical providers to not return to work in late February of 2004 and into March of 2004. He was also placed on medications during this period of time.;

17.) On March 4, 2004 he was cleared by his doctor to return to light duty at work;

18.) Shortly after this time, the Defendant, MATTRESS GIANT CORPORATION, terminated the Plaintiff's employment citing "the events of the last few weeks" and claiming the Plaintiff was "no longer qualified to do the job."

19.) Following his termination, the Plaintiff reported numerous issues to OSHA he had attempted to address internally while employed with the Defendant and was met with resistance regarding from upper management;

20.) OSHA investigated numerous of these complaints and found several to be serious and/or repeat violations and fined the Defendant.

## COUNT I-WRONGFUL TERMINATION OF EMPLOYMENT

21.) The Plaintiff realleges and incorporates by reference paragraphs 1-20.

22.) The Defendant terminated the Plaintiff's employment in bad faith and in violation of public policy in that their real motive for discharging the Plaintiff was in retaliation for his persistence in advocating within the company for a safe and healthy work place and for compliance with all local, state and federal laws by which the safety and health of workers at the Franklin facility were

protected by, including OSHA regulations relating to which the Plaintiff was later shown to have expressed valid concerns in relation to.;

23.) The Defendants discharge of the Plaintiff was based on a lack of reliable evidence, was carried out in violation of company personnel procedures which require a valid reason for termination and was a mere pretext to disguise their real motivation in terminating his employment relative to his desire to comply with the law and his status as a potential whistle blower;

24.) As a direct result and a foreseeable consequence thereof, the Plaintiff suffered loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses and mental and emotional distress;

### COUNT II-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.) The Plaintiff realleges and incorporates by reference paragraphs 1-24.

26.) The Defendant intentionally and without justification inflicted severe emotional distress on the Plaintiff by extreme and outrageous behavior beyond the bounds of decency, such that a reasonable person would suffer emotional distress under the circumstances.

27.) As a proximate and foreseeable consequence thereof, the Plaintiff suffered bodily harm, mental and emotional distress, loss of income and employment benefits, medical expenses, and other financial losses.;

### COUNT III-DISCRIMINATION BASED ON DISABILITY

28.) The Plaintiff realleges and incorporates by reference paragraphs 1-27.

29.) The Defendant, by their conduct including discharging the Plaintiff, violated M.G.L. Ch. 151B and Title VII of the United States Code in that the Plaintiff is a member of a protected class suffering from a disability and was harmed by an employment decision to terminate

him based on or in part on his membership in that protected class.

30.) As a proximate and foreseeable consequence thereof, the Plaintiff suffered bodily harm, mental and emotional distress, loss of income and employment benefits, medical expenses, and other financial losses.

THE PLAINTIFF DEMANDS A JURY TRIAL

        Respectfully Submitted,
        RALPH TRULL,
        By His Attorney,

        _____
        Gregory M. Doyle
        4 Pearl Street
        Dedham, MA 02026
        (781)326-4733
        BBO#567016

Commonwealth of Massachusetts
County of Plymouth
The Superior Court

CIVIL DOCKET# **PLCV2005-00398-A**

RE:   Trull v Mattress Giant Corporation

TO: Gregory M Doyle, Esquire
 4 Pearl Street
 Dedham, MA 02026-4344

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 07/06/2005 |
| Response to the complaint filed (also see MRCP 12) | 09/04/2005 |
| All motions under MRCP 12, 19, and 20 filed | 09/04/2005 |
| All motions under MRCP 15 filed | 09/04/2005 |
| All discovery requests and depositions completed | 02/01/2006 |
| All motions under MRCP 56 served and heard | 03/03/2006 |
| Final pre-trial conference held and firm trial date set | 04/02/2006 |
| Case disposed | 06/01/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **CtRm 4 (72 Belmont Street, Brockton)** at **Plymouth Superior Court.**

Dated: 04/13/2005

Francis R. Powers
Clerk of the Courts

BY: David Biggs
Assistant Clerk

Location: CtRm 4 (72 Belmont Street, Brockton)
Telephone: (508) 583-8250 ext. 305

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 452648 inidoc01 johnsonk