UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH TRULL,<br><br>                Plaintiff,<br><br>v.<br><br>MATTRESS GIANT CORPORATION,<br><br>                Defendant. | Civil Action No. 05-11306-RGS |

### DEFENDANT MATTRESS GIANT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Mattress Giant Corporation ("Mattress Giant" or the "Company") hereby responds to the allegations contained in Plaintiff Ralph Trull's ("Plaintiff's") Complaint for Damages (the "Complaint"), and states its affirmative defenses to Plaintiff's claims.

### ANSWER

**Parties:**

1. Mattress Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same.

2. Mattress Giant admits that it is a foreign corporation that it is registered to do business in Massachusetts and that it has a Distribution Center in Franklin, Norfolk County, Commonwealth of Massachusetts.

**Facts:**

3. Mattress Giant admits that Plaintiff was an employee of Mattress Giant from on or about October 9, 2003 to March 4, 2004.

4. Mattress Giant denies the allegations set forth in Paragraph 4 of the Complaint.

5. Mattress Giant admits that Plaintiff held the position of Distribution Center Manager in Mattress Giant's Franklin, Massachusetts Distribution Center, which is located at 40 Kenwood Circle, Franklin, Massachusetts.

6. Mattress Giant admits that Plaintiff's duties as Distribution Center Manager included management of the Franklin, Massachusetts facility's operations.

7. Mattress Giant admits that Plaintiff's duties included supervising all employees, training and discipline of employees, implementation of company policy at the location, ensuring that inventory, payroll and accounting controls were implemented and adhered to and the operation of the center in a safe and efficient manner in compliance with company policy, state and federal laws and regulations.

8. Mattress Giant admits that Plaintiff's duties included compliance with all Occupational Safety and Health Administration ("OSHA") regulations which applied to the facility.

9. Mattress Giant denies the allegations set forth in Paragraph 9 of the Complaint.

10. Mattress Giant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Mattress Giant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Mattress Giant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Mattress Giant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Mattress Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies the same.

15.  Mattress Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies the same.

16.  Mattress Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies the same.

17.  Upon information and belief, Mattress Giant admits that Plaintiff was cleared by his doctor to return to work on or about March 4, 2004.

18.  Mattress Giant admits that it terminated Plaintiff's employment on March 4, 2004. Mattress Giant denies all remaining allegations set forth in Paragraph 18 of the Complaint.

19.  Mattress Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore denies the same.

20.  Mattress Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's claim that he made complaints to OSHA, and therefore denies the allegations set forth in paragraph 20 of the Complaint.

### COUNT I – WRONGFUL TERMINATION OF EMPLOYMENT

21.  Mattress Giant restates its responses to Paragraphs 1-20 of the Complaint.

22.  Mattress Giant denies the allegations set forth in Paragraph 22 of the Complaint.

23.  Mattress Giant denies the allegations set forth in Paragraph 23 of the Complaint.

24.  Mattress Giant denies the allegations set forth in Paragraph 24 of the Complaint.

### COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.  Mattress Giant restates its responses to Paragraphs 1-24 of the Complaint.

26. Mattress Giant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Mattress Giant denies the allegations set forth in Paragraph 27 of the Complaint.

### COUNT III – DISCRIMINATION BASED ON DISABILITY

28. Mattress Giant restates its responses to Paragraphs 1-27 of the Complaint.

29. Mattress Giant denies the allegations set forth in paragraph 29 of the Complaint.

30. Mattress Giant denies the allegations set forth in Paragraph 30 of the Complaint.

### AFFIRMATIVE DEFENSES

#### First Defense

The Complaint fails to state a claim upon which relief can be granted.

#### Second Defense

Plaintiff's claims are barred by the applicable statutes of limitations.

#### Third Defense

Plaintiff's claims are barred by the statute of frauds.

#### Fourth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

#### Fifth Defense

Plaintiff's claims are barred by the parol evidence rule.

#### Sixth Defense

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

#### Seventh Defense

Pursuant to M.G.L. c.231, some or all of Plaintiff's claims for relief are subject to a statutory limitation on damages.

#### Eighth Defense

Plaintiff has failed to mitigate his damages.

<u>Ninth Defense</u>

Plaintiff failed to satisfy the statutory, procedural, or administrative prerequisites to his claims.

<u>Tenth Defense</u>

Plaintiff has suffered no damages.

<u>Eleventh Defense</u>

The types of damages sought by Plaintiff are not all recoverable.

<u>Twelfth Defense</u>

Mattress Giant hereby gives notice that it intends to rely upon such other and further defenses and affirmative defenses as may become apparent during the proceedings in this case.

Respectfully submitted,

MATTRESS GIANT CORPORATION,

By its attorneys,

HOLLAND & KNIGHT LLP

_____
Liam T. O'Connell (BBO# 558429)
Maura J. Gerhart (BBO# 654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated: June 28, 2005

# 3009023_v1