# Holland+Knight

Tel  617 523 2700
Fax  617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
www.hklaw.com

Liam T. O'Connell
617 305 2020
ltoconnell@hklaw.com

*05cv 11306 - RGS*

July 8, 2005

**_VIA FIRST CLASS MAIL_**

Civil Clerk's Office
United States District Court
John J. Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

    Re:    <u>Ralph Trull vs. Mattress Giant Corporation</u>

Dear Sir/Madam:

    Pursuant to Local Rule 81.1, enclosed herewith you will find a certified copy of all records and proceedings from the Plymouth Superior Court in the above-mentioned matter, which Mattress Giant Corporation removed to this Court on or about June 21, 2005.

    Kindly acknowledge your receipt of these documents by date-stamping the enclosed copy of this letter and returning it in the self-addressed, stamped envelope that has been enclosed herewith.

              Sincerely yours,

              HOLLAND & KNIGHT LLP

              Liam T. O'Connell

MJG/wmg

Enclosures

cc:    Gregory M. Doyle

# 3049629_v1

MAS-20041213                 **Commonwealth of Massachusetts**                 06/24/2005

eliasreb                      PLYMOUTH SUPERIOR COURT                          12:49 PM

                                   Case Summary
                                   Civil Docket

                                **PLCV2005-00398**
                        **Trull v Mattress Giant Corporation**

| File Date | 04/07/2005 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 06/22/2005 | Session | A - Civil A - CtRm 5 (Brockton) |
| Origin | 1 | Case Type | B99 - Misc tort |
| Lead Case | | Track | F |

| Service | 07/06/2005 | Answer | 09/04/2005 | Rule12/19/20 | 09/04/2005 |
|---|---|---|---|---|---|
| Rule 15 | 09/04/2005 | Discovery | 02/01/2006 | Rule 56 | 03/03/2006 |
| Final PTC | 04/02/2006 | Disposition | 06/01/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Ralph Trull
Abington, MA 02351
Active 04/07/2005

**Private Counsel 567016**
Gregory M Doyle
4 Pearl Street
Dedham, MA 02026-4344
Phone: 781-326-4733
Fax: 781-326-4783
Active 04/07/2005 Notify

**Defendant**
Mattress Giant Corporation
Franklin, MA 02038
Service pending 04/07/2005

**Private Counsel 654695**
Maura J Gerhart
Holland & Knight
10 St James Avenue
11th floor
Boston, MA 02116
Phone: 617-523-2700
Fax: 617-523-6850
Active 06/24/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/07/2005 | 1.0 | Complaint & civil action cover sheet filed and Demand Jury Trial (chk 280.00 recvd., 1 summons) |
| 04/07/2005 | | Origin 1, Type B99, Track F. |
| 04/07/2005 | | Case selected for review pursuant to ST.1996.c358,s.5 |
| 06/22/2005 | 2.0 | Case REMOVED this date to US District Court of Massachusetts by deft |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 05/20/2005 | Civil A - CtRm 5 (Brockton) | Status: by clerk in house review | Event held as scheduled |

A TRUE COPY ATTEST

CLERK

# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court

CIVIL DOCKET# **PLCV2005-00398-A**

RE:    **Trull v Mattress Giant Corporation**

TO: Gregory M Doyle, Esquire
4 Pearl Street
Dedham, MA 02026-4344

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 07/06/2005 |
| Response to the complaint filed (also see MRCP 12) | 09/04/2005 |
| All motions under MRCP 12, 19, and 20 filed | 09/04/2005 |
| All motions under MRCP 15 filed | 09/04/2005 |
| All discovery requests and depositions completed | 02/01/2006 |
| All motions under MRCP 56 served and heard | 03/03/2006 |
| Final pre-trial conference held and firm trial date set | 04/02/2006 |
| Case disposed | 06/01/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **CtRm 4 (72 Belmont Street, Brockton) at Plymouth Superior Court.**

Dated: 04/13/2005

Francis R. Powers
Clerk of the Courts

BY: David Biggs
Assistant Clerk

Location: CtRm 4 (72 Belmont Street, Brockton)
Telephone: (508) 583-8250 ext. 305

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtract_2.wpd 452648 inidoc01 johnsonk

A TRUE COPY ATTEST

_Francis R. Powers_

CLERK

①

#28Dpd ✓
# ✓
summons ✓

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF MASSACHUSETTS

PLYMOUTH, ss.                           BROCKTON SUPERIOR COURT
                                        DOCKET NO. 05-0398-A

RALPH TRULL

V.

MATTRESS GIANT CORPORATION

**COMPLAINT FOR DAMAGES**

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
FILED
APR 7 2005

**Parties:**

1.) The Plaintiff, RALPH TRULL, is a Massachusetts resident living and residing in Abington,

Plymouth County, Commonwealth of Massachusetts;

2.) The Defendant, MATTRESS GIANT CORPORATION, is a foreign corporation doing

business and registered to do business in Massachusetts and with offices in Franklin, Norfolk

County, Commonwealth of Massachusetts;

**Facts:**

3.) The Plaintiff, RALPH TRULL, was employed by the Defendant, MATTRESS GIANT

CORPORATION, between October 9, 2003 and March 4, 2004;

4.) Throughout the above period of time, the Plaintiff, RALPH TRULL'S, the quality and

quantity of his work product consistently met or exceeded the job's requirements.;

5.) The Plaintiff, RALPH TRULL, had the position of Distribution Center Manager at the

Defendant, MATTRESS GIANT'S, location of 40 Kenwood Circle, Franklin, Norfolk

County, Massachusetts;

6.) While in this position, the Plaintiff's responsibilities included location management

and overall operation of the Franklin Distribution Center;

A TRUE COPY ATTEST

Frances R. Powers
CLERK

7.) This included supervising all employees, training, and disciplining of employees, implementation of company policy at the location, ensuring inventory, payroll and accounting controls were implemented and adhered to and the operation of the center in a safe and efficient manner in compliance with company policy, state and federal laws and regulations;

8.) Included in those responsibilities were compliance with all Occupational Safety and Health Administration ("OSHA") regulations which applied to the facility;

9.) In late 2003 and early 2004, the Plaintiff began informing his boss, Richard Gibbons, of various safety violations and issues that concerned the Plaintiff at the Franklin location. Some of these violations concerned physical safety risks, fire risks within the facility, while others concerned training issues among the staff;

10.) In large part, in communications with Mr. Gibbons that the Plaintiff had, Mr. Gibbons agreed with these violations to the Plaintiff;

11.) The Plaintiff, during his employ, also brought various violations of OSHA rules and regulations to the attention of other management officials of the Defendant with authority over the facility;

12.) However, despite repeated requests for the ability, funding and tools to remedy these issues, the Defendant, MATTRESS GIANT, did not act on these concerns and showed active resistance to the Plaintiff, RALPH TRULL'S safety concerns while the Plaintiff remained employed by the Defendant.;

13.) The Defendant was specifically told by management that the company had more important things to do with its time and money than worry about these issues;

14.) Following complaining about these issues to the Company, the Plaintiff, Ralph Trull, began

to experience physical problems, stress and illness due to the issues he had raised not being taken seriously and the pressure of trying to manage a facility given the problems and risks the Plaintiff was aware of and had notified management of;

15.) Among the ailments the Plaintiff suffered were headaches, stress, chest pain, increased blood pressure and fatigue;

16.) The Plaintiff was diagnosed or was suffering from hypertension, stress and possible heart disease and was ordered by his medical providers to not return to work in late February of 2004 and into March of 2004. He was also placed on medications during this period of time.;

17.) On March 4, 2004 he was cleared by his doctor to return to light duty at work;

18.) Shortly after this time, the Defendant, MATTRESS GIANT CORPORATION, terminated the Plaintiff's employment citing "the events of the last few weeks" and claiming the Plaintiff was "no longer qualified to do the job."

19.) Following his termination, the Plaintiff reported numerous issues to OSHA he had attempted to address internally while employed with the Defendant and was met with resistance regarding from upper management;

20.) OSHA investigated numerous of these complaints and found several to be serious and/or repeat violations and fined the Defendant.

## COUNT I-WRONGFUL TERMINATION OF EMPLOYMENT

21.) The Plaintiff realleges and incorporates by reference paragraphs 1-20.

22.) The Defendant terminated the Plaintiff's employment in bad faith and in violation of public policy in that their real motive for discharging the Plaintiff was in retaliation for his persistence in advocating within the company for a safe and healthy work place and for compliance with all local, state and federal laws by which the safety and health of workers at the Franklin facility were

protected by, including OSHA regulations relating to which the Plaintiff was later shown to have expressed valid concerns in relation to.;

23.) The Defendants discharge of the Plaintiff was based on a lack of reliable evidence, was carried out in violation of company personnel procedures which require a valid reason for termination and was a mere pretext to disguise their real motivation in terminating his employment relative to his desire to comply with the law and his status as a potential whistle blower;

24.) As a direct result and a foreseeable consequence thereof, the Plaintiff suffered loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses and mental and emotional distress;

## COUNT II-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.) The Plaintiff realleges and incorporates by reference paragraphs 1-24.

26.) The Defendant intentionally and without justification inflicted severe emotional distress on the Plaintiff by extreme and outrageous behavior beyond the bounds of decency, such that a reasonable person would suffer emotional distress under the circumstances.

27.) As a proximate and foreseeable consequence thereof, the Plaintiff suffered bodily harm, mental and emotional distress, loss of income and employment benefits, medical expenses, and other financial losses.;

## COUNT III-DISCRIMINATION BASED ON DISABILITY

28.) The Plaintiff realleges and incorporates by reference paragraphs 1-27.

29.) The Defendant, by their conduct including discharging the Plaintiff, violated M.G.L. Ch. 151B and Title VII of the United States Code in that the Plaintiff is a member of a protected class suffering from a disability and was harmed by an employment decision to terminate

him based on or in part on his membership in that protected class.

30.) As a proximate and foreseeable consequence thereof, the Plaintiff suffered bodily harm,

mental and emotional distress, loss of income and employment benefits, medical expenses, and

other financial losses.

THE PLAINTIFF DEMANDS A JURY TRIAL

Respectfully Submitted,
RALPH TRULL,
By His Attorney,

Gregory M. Doyle
4 Pearl Street
Dedham, MA 02026
(781)326-4733
BBO#567016

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>Plymouth _____ Division | DOCKET NUMBER<br>05-398A |
|---|---|---|

| PLAINTIFF(S)<br>Ralph Trull | DEFENDANT(S)<br>Mattress Giant Corporation |
|---|---|
| ATTORNEY(S) FIRM NAME, ADDRESS AND TEL.)<br>Gregory M. Doyle<br>4 Pearl Street<br>Dedham, MA 02026   (781)326-4733<br>Board of Bar Overseers # (Required) 567016 | ATTORNEY(S) (if known) |

## ORIGIN CODE AND TRACK DESIGNATION

Place an ☒ in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup. Ct. c231, s. 104 (F)
☐ 3. F03 Retransfer to Sup. Ct. c231, s. 102C (X)

☐ 4. F04 District Ct. Appeal c231, s. 97 (X)
☐ 5. F05 Reactivated after Rescript; Relief from
     judgment/order (Mass. R Civ. P. 60 (X)
☐ 6. E10 Summary process appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

| CODE NO.<br>B99 | TYPE OF ACTION (specify)<br>Employment Discrimination | TRACK<br>(F) | IS THIS A JURY CASE?<br>☒ Yes   ☐ No |
|---|---|---|---|

1. PLEASE GIVE A CONCISE STATEMENT OF THE FACTS: (Required in ALL Types of Actions)
   The Plaintiff was employed by the Defendant and discharged due to his complaints vis-a-vis OSHA regulations and was also discriminated against on the basis of a disability.

2. IN A CONTRACT ACTION (CODE A) OR A TORT ACTION (CODE B) STATE, WITH PARTICULARITY, MONEY DAMAGES WHICH WOULD WARRANT A REASONABLE LIKELIHOOD THAT RECOVERY WOULD EXCEED $25,000:
   The Defendant's discharge of the Plaintiff resulted in him losing a job which paid $54,500.00 annually. In addition, the Defendant suffered severe emotional distress due to discrimination. The amount in issue far exceeds $25,000.00

3. PLEASE IDENTIFY, BY CASE NUMBER, NAME AND DIVISION, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

APR 7 2005

| SIGNATURE OF ATTORNEY OF RECORD OR PLAINTIFF | DATE<br>4/7/2005 |
|---|---|

### OFFICE USE ONLY - DO NOT WRITE BELOW THIS LINE

DISPOSITION

A. Judgment Entered
☐ 1. Before jury trial or non-jury hearing
☐ 2. During jury trial or non-jury hearing
☐ 3. After jury verdict
☐ 4. After court finding
☐ 5. After post trial motion

☐ No Judgment Entered
☐ Transferred to District Court under G.L. c.231, s.102C.
Disposition Date _____

| RECEIVED<br>BY:<br>DATE |
|---|
| DISPOSITION ENTERED<br>BY:<br>DATE: |

6/22/05c

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT



RALPH TRULL,

               Plaintiff,

    v.

MATTRESS GIANT CORPORATION,

               Defendant.

Civil Action No. PLCV2005-0398-A

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE SUPERIOR COURT

        NOTICE IS HEREBY GIVEN that on the twenty-first day of June, 2005, Defendant

Mattress Giant Corporation filed a Notice of Removal of this action in the United States District

Court for the District of Massachusetts. A true and accurate copy of the Notice of Removal so

filed is attached hereto as Exhibit 1. Therefore, Defendant respectfully requests that this Court

proceed no further in this matter.

                          Respectfully submitted,

                          MATTRESS GIANT CORPORATION,

                          By its attorneys,

                          HOLLAND & KNIGHT LLP

                          Liam T. O'Connell (BBO# 558429)
                          Maura J. Gerhart (BBO# 654695)
                          Holland & Knight LLP
                          10 St. James Avenue
                          Boston, Massachusetts 02116
Dated: June 21, 2005            (617) 523-2700

A TRUE COPY ATTEST

CLERK

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Filing Notice of Removal to be served on the parties listed below via first class mail on this 21st day of June, 2005:

Gregory M. Doyle, Esq.
4 Pearl Street
Dedham, MA  02026

Maura J. Gerhart, Esq.

# 3006172_v1

2



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RALPH TRULL,<br><br>   Plaintiff,<br><br>   v.<br><br>MATTRESS GIANT CORPORATION,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), (b) and (c), Defendant Mattress Giant Corporation

("Mattress Giant" or the "Company") hereby removes to this Court the above-captioned action

pending in the Superior Court Department of the Trial Court, Plymouth County, Massachusetts,

Civil Action No. PLCV2005-0398-A (the "Action"). Removal of the Action is proper for the

following reasons:

## BASIS FOR REMOVAL

1.  Removal of the Action is proper under 28 U.S.C. § 1331 because Plaintiff Ralph

Trull's ("Plaintiff's") Complaint asserts claims under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e, et seq. – a federal statute. See Complaint at ¶ 29 of Count III. The claim

therefore arises under the laws of the United States, as required for removal by 28 U.S.C. § 1331.

2.  Removal of the Action is also proper under 28 U.S.C. § 1332 because there is

complete diversity between the parties and the matter in controversy exceeds $75,000.00.

Plaintiff is a citizen of Massachusetts. Mattress Giant is a citizen of Texas, where its

headquarters are located, and Delaware, its state of incorporation. Mattress Giant is not a citizen

of Massachusetts. In addition, Plaintiff's Complaint alleging handicap discrimination under

M.G.L. c. 151B and Title VII of the Civil Rights Act of 1964, intentional infliction of emotional

distress and wrongful termination seeks damages in excess of $75,000.00.

      3.      Pursuant to 28 U.S.C. § 1441(a), (b) and (c), the Company may remove Plaintiff's

claims to this Court.

      4.      The Company has contemporaneously filed the attached Notice of Filing of

Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Plymouth Superior

Court, and contemporaneously served both Notices on Plaintiff's counsel. The Notice of Filing

of Notice of Removal is attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

      5.      The Action was filed by Plaintiff in Plymouth Superior Court on or about April 7,

2005. Counsel for the Company accepted service of the Summons and Complaint on or about

May 26, 2005. In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders entered

by Plymouth Superior Court, including a true and accurate copy of the Summons and Complaint,

are attached hereto as Exhibit B.

      6.      This Notice of Removal is filed with this Court on a timely basis, as required by

28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the service of Plaintiff's

Complaint upon the Company. Likewise, this Notice is filed within thirty days of the

Company's earliest date of actual notice of Plaintiff's Complaint, as the time of service is the

first time the Company had possession of a copy of Plaintiff's Complaint.

      **WHEREFORE,** Mattress Giant Corporation respectfully requests that the Action

proceed in this Court as properly removed hereto.

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Removal to be served on the parties listed below via first class mail on this 21st day of June, 2005:

Gregory M. Doyle, Esq.
4 Pearl Street
Dedham, MA  02026


_____
Maura J. Gerhart, Esq.